UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY KEYS (#77998)

VERSUS                                         CIVIL ACTION

WARDEN BURL N. CAIN, ET AL                     NUMBER 08-747-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 13, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY KEYS (#77998)

VERSUS                                                   CIVIL ACTION

WARDEN BURL N. CAIN, ET AL                NUMBER 08-747-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the parties' cross motions for summary judgment. Record document numbers 53 and 54. Defendants' motion for summary judgment is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary (LSP), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Warden Richard L. Peabody, Trish Foster, Connie McCann, Master Sgt. Tiffany Cockerham and Col. Greg McKey.[2] Plaintiff alleged that Col. McKey ordered that he be issued a disciplinary report in retaliation for refusing to withdraw an administrative grievance. Plaintiff further alleged that he was denied access to the courts when an administrative grievance was erroneously denied and another administrative grievance was held on backlog for over 10 months in violation of his constitutional rights.

Plaintiff moved for summary judgment relying on a state of undisputed facts.

Defendants moved for summary judgment relying on a statement of undisputed

---

[1] Record document number 58.

[2] The claims against Warden Burl Cain and Warden Richard Peabody were previously dismissed. Record document number 40.

facts, the results of Disciplinary Board Appeal Number LSP-2007-0232-W, the results of Administrative Remedy Procedure LSP-2007-0232 and LSP-2008-0466, excerpts from the plaintiff's master prison record, the affidavits of Jeremy McKey, Tara Bonnette, Trish Foster, Connie McCann, Tiffany Cockerham and Greg McKey.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure. Conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to satisfy the non-movant's burden. *Grimes v. Texas Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996); *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) ("vague and self-serving statements in affidavit" held insufficient to raise a genuine issue of material fact).

## RETALIATION

Plaintiff alleged that on February 7, 2007, he filed a lost property and property destruction claim against Col. Troy Poret and Lt. Dickie Armand which was assigned Administrative Remedy Procedure (ARP) number LSP-2007-0442. Plaintiff alleged that a copy of the ARP was forwarded to Col. Greg McKey and other correctional officers. Plaintiff alleged that Col. Greg McKey threatened, harassed and attempted to intimidate him into withdrawing the ARP. Specifically, the plaintiff alleged that on March 14, 2007, he

2

was called to the captain's office where several correctional officers ordered him to withdraw the ARP. Plaintiff alleged that when he refused to comply, he was told that Col. Greg McKey had instructed the correctional officers to lock the plaintiff up if he refused to dismiss the ARP. Plaintiff alleged that on March 15, 2007, Col. Greg McKey ordered him to go to the captain's office where he was first strip searched for possession of cocaine and then Col. Greg McKey threatened to beat him if he did not withdraw ARP LSP-2007-0442. Plaintiff alleged that when he refused to withdraw the ARP, Col. Greg McKey threatened to lock him up. Plaintiff alleged that Col. Greg McKey told Capt. Jeremy McKey to issue the plaintiff a disciplinary report in retaliation for the plaintiff refusing to withdraw ARP LSP-2007-0442.

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred. *Id*. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. *Id*.

"To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize [retaliation] claims ..." and must regard such claims with "skepticism." *Id*. at 1166. While the existence of a "legitimate prison disciplinary report" is not an "absolute bar to a retaliation claim" it is certainly "probative and potent summary judgment

3

evidence." *Id.*

The record evidence showed that on January 18, 2007, the plaintiff filed an administrative grievance complaining that his hobby craft items were destroyed by correctional officers Troy Poret and Dickie Armand.[3] On March 7, 2007, the administrative grievance was accepted into the ARP and assigned case number LSP-2007-0442 by Trish Foster, the warden's designee.[4] On March 15, 2007, Lt. Dickie Armand and Capt. Jeremy McKey submitted ARP statements denying the plaintiff's allegations in the administrative grievance.[5] On April 3, 2007, Col. Troy Poret submitted an ARP statement denying the plaintiff's allegations in the administrative grievance.[6] The First Step Response, which was prepared by Assistant Warden Blane Lachney, approved by Assistant Warden Donald Barr and signed by Unit Head Daryl Vannoy, was denied on April 16, 2007.[7] Plaintiff indicated on the form that he was not satisfied with the response at the First Step and desired to proceed to the Second Step of the ARP.[8] Plaintiff signed and dated the form April 24, 2007.[9] On May 16, 2007, Sgt. Tiffany Cockerham, Legal Programs Department, advised the plaintiff that he failed to respond within the five day time limit to proceed to the second

---

[3] Record document number 8-2, p. 14.

[4] *Id.* at 13.

[5] *Id.* at 7-8.

[6] *Id.* at 9.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

4

step.[10]

The summary judgment evidence showed that on March 14, 2007, during a routine search, Maj. Cassandra Temple discovered inmate Claude Hulin to be in possession of cocaine.[11] The summary judgment evidence showed that on March 15, 2007, two confidential informants advised Capt. Jeremy McKey that he had observed the plaintiff sell cocaine to inmates, including Claude Hulin, through a hole in the window next to his bed.[12] On March 15, 2007, Capt. Jeremy McKey issued the plaintiff a Rule 30 W disciplinary report accusing the plaintiff of selling cocaine out of the window of his dorm.[13] Plaintiff was found guilty of the disciplinary charges and was sentenced to a custody change to Camp J Extended Lockdown.[14]

The summary judgment evidence showed that ARP LSP-2007-0442 was filed against correctional officers Poret and Armand regarding their alleged destruction of the plaintiff's property. The summary judgment evidence showed that Col. Greg McKey was not a respondent at either the first or second step of the administrative grievance procedure and he did not conduct an investigation or provide a witness statement regarding the administrative grievance. There is absolutely no evidence in the record that Col. Greg McKey received notice that ARP LSP-2007-0442 was filed. Moreover, there is no reason

---

[10] *Id.* at 2.

[11] Record document number 54-3 at 21.

[12] *Id.* at 16-17.

[13] *Id.* at 15.

[14] *Id.*

5

apparent on the record to explain why Col. Greg McKey would be so intent on having the ARP filed against other correctional officers withdrawn. Finally, the plaintiff presented no competent summary judgment evidence that he would not have been issued the disciplinary report but for the retaliatory motive.

Plaintiff has failed to meet his heavy burden of producing direct evidence of motivation for retaliation, and has failed to allege a chronology of events from which retaliation may plausibly be inferred.

## ACCESS TO COURTS

Plaintiff alleged that Foster, McCann, and Cockerham denied him access to the courts when his request to proceed to the second step of ARP LSP-2007-0442 was denied. Specifically, the plaintiff alleged on April 24, 2007, he delivered to prison officials for mailing a request to proceed to the second step of ARP LSP-2007-0442. Plaintiff alleged that Cockerham denied the request at the Second Step on the grounds that it was not submitted timely even though the plaintiff delivered his request to prison officials for mailing within the five day period allotted for proceeding to the second step.

Plaintiff further alleged that he filed ARP LSP-2007-1566 complaining that the second step of ARP LSP-2007-0442 had been erroneously denied as untimely. Plaintiff alleged that he was denied access to the courts when ARP LSP-2007-1566 was placed on backlog for over 10 months. Specifically, the plaintiff alleged that McCann is responsible for screening and logging the administrative grievances into the prison's computer system. Plaintiff alleged that McCann screened his administrative grievance, assigned it the number

LSP-2007-1566 and then placed it on backlog while LSP-2007-0969 was being processed. Plaintiff alleged that although the Second Step Response to LSP-2007-0969 was issued on April 4, 2008, Foster and McCann failed to remove ARP LSP-2007-1566 from the backlog list until February 25, 2009. Plaintiff alleged that defendants failed to remove ARP LSP-2007-1566 from the backlog list for over 10 months because the administrative grievance had been filed against them and complained about their wrongdoing.

Defendants argued that the plaintiff failed to exhaust available administrative remedies regarding his access to courts claims.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion

7

must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The summary judgment evidence showed that the plaintiff identified in the complaint ARP LSP-2007-0442, LSP-2007-0844, LSP-2007-0969 and LSP-2007-1566 as the administrative grievances in which the claims in the complaint were addressed.[15]

In ARP LSP-2007-0442, the plaintiff complained that his hobby craft items were destroyed by Col. T. Poret and Lt. Dickie Armand.[16]

In ARP LSP-2007-0844, the plaintiff complained that on March 14 and 15, 2007, Maj. Stroud, Capt. McKey, Lt. Dickie, Warden Lachney and Col. McKey threatened to physically harm him and lock him up unless he withdrew ARP LSP-2007-0442.[17]

In ARP LSP-2007-0969, the plaintiff complained that he was placed in administrative

---

[15] Record document number 1, p. 3.

[16] Record document number 8-2.

[17] Record document number 8-3.

segregation in retaliation for not dropping an ARP.[18]

In ARP LSP-2007-1566, the plaintiff complained that Warden Cain, Tiffany Cockerham and the legal program department denied his request to proceed to the second step in ARP LSP-2007-0442.[19]

The summary judgment evidence showed that of the four administrative grievances identified by the plaintiff in his complaint, only ARP LSP-2007-1566 is related to the plaintiff's access to courts claim against Cockerham. The summary judgment evidence showed that LSP-2007-1566 was received by the Legal Programs Department on May 21, 2007 and was placed on backlog until it was accepted on February 25, 2009.[20] LSP-2007-1566 was denied at the First Step on March 18, 2009 and at the Second Step on May 27, 2009.[21] Plaintiff filed his civil rights complaint on November 14, 2008. The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his access to courts claims prior to filing suit on November 14, 2008.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants' motion for summary judgment be granted dismissing the plaintiff's retaliation claims with prejudice, and the plaintiff's access to courts claims without prejudice for failure to exhaust available administrative remedies

---

[18] Record document number 8-1.

[19] Record document number 38-1.

[20] *Id.* at 9-12.

[21] *Id.* at 3, 5.

pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status[22] and this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 13, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[22] *Underwood v. Wilson*, 151 F.3d at 296.